UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Teresa T.,[1]

       Plaintiff,

  v.                                             18-CV-1129-LJV
                                                     DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

       The plaintiff, Teresa T. ("Teresa"), is a prevailing party in this social security benefits action.  Her counsel has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A).  Docket Item 24.  The defendant does not oppose the motion.  Docket Item 25.

## I.    TIMELINESS

       On August 2, 2019, the Second Circuit held that Section 406(b)(1)(A) motions must be filed within 14 days of the claimant receiving notice of award.  *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019).  Notwithstanding this deadline, the Second Circuit made it clear that "district courts are empowered to enlarge that filing period where circumstances warrant."  *See id.* at 89.

       There is no dispute that this motion was filed within 14 days of the claimant's receiving the notice of award.  The Social Security Administration ("SSA") issued Teresa

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

a notice of award on November 22, 2020.  Docket Item 24-1 at 1.  Eight days later, on November 30, 2020, Bernhardi filed this motion.  Docket Item 24.  The motion for attorney's fees, therefore, is timely under *Sinkler*.

## II.     REASONABLENESS

Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Teresa was awarded $ 95,131.00 in past-due benefits.  *See* Docket Item 24-4 at 2.  Her counsel seeks $23,782.75 in fees, which is 25% of the past-due benefits and is consistent with the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery.  Docket Item 24-2 at 1.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  Moreover, there is no indication that this fee is a windfall.[2]  *Id.*  The $23,782.75 fee request is therefore granted under 42 U.S.C. § 406(b)(1)(A).

---

[2] While the fee here constitutes an hourly rate of over $762—high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee

By stipulation approved and ordered on June 29, 2020, this Court previously awarded Teresa's counsel $6,200.00 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 23, 22.  Because the fees granted above exceed the EAJA fees, Teresa's counsel must refund the EAJA fees to her.  *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

## **ORDER**

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $23,782.75, Docket Item 24, is GRANTED; and it is further

ORDERED that Teresa's counsel shall refund the $6,200.00 in EAJA fees to Teresa within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated:      December 8, 2020
            Buffalo, New York

*[signature: Lawrence J. Vilardo]*

LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

here.  *See Gisbrecht,* 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement").